IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WENDY TIEFENBACHER,**<br><br>            **Plaintiff,**<br><br>      *v.*<br><br>**AMERICAN ASSOCIATION OF RETIRED PERSONS (AARP),**<br><br>            **Defendant.** | Civil Action No. 1:05cv01802 (CKK) |

## ANSWER TO COMPLAINT COUNTS I, II AND IV

Defendant AARP, improperly named herein as "American Association of Retired Persons (AARP), for its Answer to Counts I, II and IV[1] of the Complaint of Plaintiff Wendy Tiefenbacher ("Tiefenbacher"), states as follows:

### INTRODUCTION

1.    Paragraph 1 of the Complaint sets forth general allegations as to the nature of the case as to which no response is required. To the extent a response is required, Defendant denies that there is any basis for this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.; the District of Columbia Human Rights Act, D.C. Code § 2-14-3.16, et seq.; denies engaging in any unlawful retaliation; denies any negligent failure to train or supervise; and denies Plaintiff is entitled to any relief. To the extent that anything therein is construed as a factual allegation of liability on Defendant' spart, Defendant denies said allegations.

### JURISDICTION AND VENUE

2.    Paragraph 2 of the Complaint contains jurisdictional allegations as to which no response is required or appropriate. To the extent that anything therein is construed

---

[1] Concurrent with this Answer, Defendant is filing a Motion to Dismiss Count III of the Complaint.

as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

3.  Paragraph 3 of the Complaint contains venue allegations as to which no response is required or appropriate, except that Defendant admits that venue is proper in this Court. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

## PARTIES

4.  Defendant admits that Plaintiff is a female but lacks sufficient information to admit or deny the remaining allegations of the first sentence of paragraph 4 of the Complaint and therefore these allegations are denied. Defendant admits that Plaintiff formerly held the position of Director of Photography for "AARP The Magazine," and for "Modern Maturity," but otherwise denies the allegations of paragraph 4 of the Complaint.

5.  Defendant denies that its name is The American Association of Retired Persons, but affirmatively states that its name is AARP, and admits the other allegations of paragraph 5 of the Complaint.

## STATEMENT OF FACTS

6.  Defendant lacks sufficient information to admit or deny the allegations of a lunch but denies that there is any basis for the claimed allegations at the lunch. Defendant denies the remaining allegations of paragraph 6 of the Complaint.

7.  Defendant denies the allegations of paragraph 7 of the Complaint.

8.  Defendant denies the allegations of paragraph 8 of the Complaint.

9.  Defendant admits that Plaintiff developed a friendship with Estelle Slon, wife of Steve Slon, Deputy Editor and later Editor of AARP The Magazine, but otherwise denies the allegations of the first sentence of paragraph 9 of the Complaint. Defendant lacks sufficient information to admit or deny the allegations of conversations between

Plaintiff and Ms. Sloan but denies that there is any basis for the claimed allegations during these conversations. Defendant denies the remaining allegations of paragraph 9.

10. Defendant admits that after Mr. Slon became Editor of AARP The Magazine in Spring 2003, he had a series of meetings with all the employees of AARP The Magazine to discuss their jobs and concerns, and that one of these meetings was with Plaintiff, but otherwise denies the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant admits that at some point during 2003 Plaintiff informed Jessica Lehane Day that she was planning to consult with an attorney, but otherwise denies the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of the first two sentences of paragraph 14 of the Complaint. Defendant lacks sufficient information to admit or deny the allegations of the remaining two sentences of paragraph 14 of the Complaint and therefore denies said allegations, except it admits that Mr. Seidman gave Plaintiff a memorandum dated July 7, 2003 and titled "Performance Concerns."

15. Defendant lacks sufficient information to admit or deny the allegations of paragraph 15 of the Complaint and therefore denies said allegations, but affirmatively states that Plaintiff submitted a reply dated July 10, 2005 to the July 7, 2003 memorandum referenced above.

16. Defendant denies the allegations of paragraph 16 of the Complaint, but affirmatively states that on or shortly after July 30, 2003, Plaintiff was informed by a Human Resources employee that Defendant's Human Resources Department was

conducting an investigation into certain allegations of sexist comments that she first presented to Defendant by a memo attached to a memo dated July 30, 2003.

17. Defendant lack sufficient information to admit or deny the allegations of paragraph 15 of the Complaint and therefore denies said allegations, but affirmatively states that Mr. Delehanty met with Plaintiff during July 2003 and that he objectively reviewed Plaintiff's allegations and all the facts and acted accordingly, and further states that by memo dated July 30, 2003, Plaintiff submitted a second response to the July 7, 2003 memorandum dated above.

18. Defendant admits that on August 8, 2003, Hugh Delehanty, Editor in Chief of the Publications Group, informed Plaintiff that her employment with Defendant was terminated; that she was escorted from the building; and that she was allowed to return that evening to collect her personal effects, but otherwise denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint

## COUNT I

20. Defendant repeats and realleges each and every response to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

## COUNT II

25. Defendant repeats and realleges each and every response to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

### COUNT III

30. - 32. Defendant has moved to dismiss Count III and therefore no response is required. To the extent a response is required, Defendant denies the allegations of paragraphs 30 through 32 of the Complaint.

### COUNT IV

33. Defendant repeats and realleges each and every response to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

37. Defendant repeats and realleges each and every response to paragraphs 1 through 18 of the Complaint as if fully set forth herein.

### GENERAL DENIALS

38. Defendant denies any allegations not affirmatively admitted.

39. Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, or to any other relief.

### AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, Defendant states the following affirmative and other defenses:

**FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief may be granted, in whole or in part.

**SECOND DEFENSE**

The Court lacks subject matter and/or other jurisdiction over all or portions of Plaintiff's claims.

**THIRD DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred due to her failure to file a charge of discrimination within 300 days after the alleged unlawful employment practice occurred.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred due to her failure to exhaust administrative remedies.

**SIXTH DEFENSE**

All actions taken and decisions made by Defendant with respect to Plaintiff were made in good faith for legitimate business reasons wholly unrelated to her exercise of any right protected by Title VII or the D.C. Human Rights Act, and were not for any retaliatory reason.

**SEVENTH DEFENSE**

Any conduct directed toward or experienced by Plaintiff was not based on a prohibited category.

### EIGHTH DEFENSE

Assuming, solely *arguendo*, that Plaintiff's exercise of her rights under Title VII or the D.C. Human Rights Act was a factor considered by Defendant in making any decisions concerning Plaintiff's employment, and Defendant denies such was the case, the same decisions would have been made even without consideration of Plaintiff's exercise of her rights under Title VII or the D.C. Human Rights Act, on the basis of legitimate business reasons.

### NINTH DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because she is estopped as to such claims by her own actions, laches and/or waiver.

### TENTH DEFENSE

Plaintiff's relationship with Defendant was that of an employee at will.

### ELEVENTH DEFENSE

Plaintiff has failed to mitigate her alleged damages, any entitlement to which is expressly denied.

### TWELFTH DEFENSE

Any monetary relief Plaintiff seeks, or might otherwise be entitled to receive, must be reduced by the amounts Plaintiff earned, or with reasonable diligence could have earned, through mitigation, or that she otherwise failed to seek or accept, during or covering the period for which she seeks monetary relief.

### THIRTEENTH DEFENSE

Defendant did not act with bad faith, evil motive, willfulness, malice or reckless indifference toward Plaintiff.

**FOURTEENTH DEFENSE**

The applicable law does not entitle Plaintiff to punitive damages as to her claims.

**FIFTEENTH DEFENSE**

Defendant is entitled to its attorneys' fees and costs as Plaintiff has no basis for her suit and it is has been brought willfully, vexatiously, wantonly, and/or for oppressive reasons.

**SIXTEENTH DEFENSE**

Defendant reserves the right to raise any and all affirmative or other defenses that may become evident during discovery or during any other proceeding in this action.

**WHEREFORE,** Defendant respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that it be awarded its fees and costs and such other relief as the Court may deem appropriate.

    Respectfully submitted,

    EPSTEIN BECKER & GREEN, P.C.

    _____/s/_____
    Frank C. Morris, Jr.
    Bar No. 211482
    Brian Steinbach
    Bar No. 256727
    1227 25th Street, N.W.
    Washington, D.C. 20037
    (202) 861-0900
    Attorneys for Defendant AARP

DATED: December 19, 2005

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Answer to Complaint was served this 19th day of December, 2005, by electronic service, on the following:

> Lawrence A. Thrower, Esq.
> The Cochran Firm
> 110 New York Avenue, N.W.
> Suite 140, West Tower
> Washington, D.C. 20005
>
> Attorney for Plaintiff
>
> _____/s/_____
> Brian Steinbach
> D.C. Bar No. 256727