IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WENDY TIEFENBACHER,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**AMERICAN ASSOCIATION OF RETIRED PERSONS (AARP),**<br><br>　　　　　　**Defendant.** | Civil Action No. 1:05cv01802 (CKK) |

## MOTION TO DISMISS COUNT III

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant AARP, improperly named herein as "American Association of Retired Persons (AARP)", by and through its undersigned counsel of record, moves to dismiss Count III of the Complaint for failure to state a claim.[1] In support thereof, Defendant submits its accompanying Memorandum in Support of Motion to Dismiss Count III.

WHEREFORE, Defendant respectfully requests that its motion be granted and that Count III be dismissed in its entirety. An appropriate Order is attached.

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　EPSTEIN BECKER & GREEN, P.C.


　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Frank C. Morris, Jr.
　　　　　　　　　　　　　　　　　　Bar No. 211482
　　　　　　　　　　　　　　　　　　Brian Steinbach
　　　　　　　　　　　　　　　　　　Bar No. 256727
　　　　　　　　　　　　　　　　　　1227 25th Street, N.W.
　　　　　　　　　　　　　　　　　　Washington, D.C. 20037
　　　　　　　　　　　　　　　　　　(202) 861-0900
DATED: December 19, 2005　　　　　Attorneys for Defendant AARP

---

[1] Concurrent with this Motion to Dismiss Count III, Defendant is filing an Answer as to the other three counts of the Amended Complaint, Counts I, II and IV.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Motion to Dismiss Count III was served this 19th day of December, 2005, by electronic service, on the following:

> Lawrence A. Thrower, Esq.
> The Cochran Firm
> 110 New York Avenue, N.W.
> Suite 140, West Tower
> Washington, D.C. 20005
>
> Attorney for Plaintiff

_____/s/_____
Brian Steinbach
D.C. Bar No. 256727

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDY TIEFENBACHER,<br><br>    **Plaintiff,**<br><br>  v.<br><br>AMERICAN ASSOCIATION OF RETIRED PERSONS (AARP),<br><br>    **Defendant.** | Civil Action No. 1:05cv01802 (CKK) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNT III**

  Defendant AARP, improperly named herein as "American Association of Retired Persons (AARP)," submits this Memorandum of Law in support of its motion to dismiss Count III of the Complaint for failure to state a claim.[2] As discussed below, Count III fails to state a claim for intentional infliction of emotional distress because it fails to allege anything close to the degree of culpability, type of conduct, or type of harm necessary to support such a claim. Accordingly, Count III should be dismissed in its entirety, with prejudice.

**I. BACKGROUND[3]**

  According to the allegations of the Complaint, Plaintiff formerly was employed by Defendant AARP as Director of Photography for its publications "AARP The Magazine" and, prior to that, "Modern Maturity." (Complaint, ¶4.) She asserts, in a conclusory fashion lacking any specifics, that she and her staff were subject to obscene, crude and

---

[2] Concurrent with its Motion to Dismiss Count III, Defendant AARP is filing an Answer as to the other three counts of the Complaint, Counts I, II and IV.

[3] The allegations set forth herein are those of Plaintiff in the Complaint, which for the purpose of this Rule 12(b)(6) motion are taken as true. Defendant AARP reserves the right to dispute vigorously these allegations, which. among other things, lack factual support, misstate the timing of various events, and ignore the many deficiencies in Plaintiff's performance, her repeated defiance and insubordination toward her superiors, her mistreatment of her own subordinates, and the unsubstantiated nature of her allegations of sexist harassment.

sexually offensive statements by her supervisor, Art Director Eric Seidman. (Id., ¶¶8 and 21.)

Plaintiff claims that on June 9, 2003 (and therefore prior to the mid-June or later incidents described below), Mr. Seidman and Group Design Director Carl Lehman-Haupt called her into a meeting in Mr. Seidman's office and "attempted to browbeat her and coerce her to resign," but she refused and left "in tears." (Id. ¶13.) She further claims that a week later, they again attempted to coerce her to leave, but she refused. (Id. ¶14.)

Also according to Plaintiff, she informed the wife of Editor Steven Slon, a friend, about Mr. Seidman's allegedly "crude sexist comments and the abusive, humiliating environment he had created in the art department," and Mr. Slon allegedly learned of these comments from his wife or, on one occasion, by overhearing a conversation at a luncheon in mid-June 2003. (Id., ¶¶6 and 9.) Plaintiff asserts that shortly after this luncheon, Mr. Slon warned her "in a hostile and threatening manner" that if she ever mentioned Mr. Seidman's conduct, she should look for another job; that she was humiliated, shocked, physically shaken and distraught by Mr. Slon's comments; but that he apologized for his harsh tone a few minutes later. (Id., ¶¶10-11.)

Plaintiff further alleges that she confided in another employee that she intended to seek the assistance of outside counsel, asserts that as a result Plaintiff became the victim of derision, and claims that this employee told Mr. Seidman and others of her intentions. (Id., ¶12.)

Plaintiff additionally alleges that she received a Performance Concerns Memorandum on July 7, 2003, which she asserts "deeply distressed her" because her

performance allegedly was rated as outstanding. (Id. ¶14.) She asserts that she wrote a full reply on July 9, 2003, but instead submitted a "less scathing" version, apparently on July 10, 2003. (Id., ¶¶15-16.) Plaintiff further asserts that through discussions with Editor in Chief Hugh L. Delehanty, she decided that he was not giving her side of the story credence and had decided to support Mr. Seidman. She claims that as a result she decided to "release" her initial full-length response. (Id., ¶17.)

Plaintiff also asserts that she meanwhile was informed by an unnamed Human Resources employee that the Human Resources Department was investigating allegations of sexual harassment that she claims were set forth in her July 10, 2003 response. (Id., ¶16.)

According to Plaintiff, on August 8, 2003, Mr. Delehanty informed her that she was fired. She claims that she was escorted from the building without an opportunity to collect her belongings or contact her staff, although she concedes that she was allowed to return that evening to collect her personal "affects" (*sic*). (Id., ¶18.) She nonetheless asserts that "she was treated like a common criminal." She also alleges she did not receive an exit interview, severance, three weeks of vacation pay, or information about securing healthcare benefits or reimbursement for certain expenses. (Id., ¶19.)

Finally, in Count III, Plaintiff alleges in conclusory terms that Defendant AARP's conduct regarding her "protected activity in opposition of the sexual harassment" and subsequent termination of her employment was "extreme, outrageous, intentional and reckless." (Id., ¶31.) Although she alleges that as a result she suffered damages and injuries, including emotional distress, she does not allege that she suffered severe emotional distress. (Id., ¶32.)

## II. STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(6)

In ruling on a motion under Rule 12(b)(6) to dismiss for failure to state a claim, the Court must construe the allegations and facts in the Complaint in the light most favorable to the Plaintiff and draw all reasonable inferences in favor of the Plaintiff. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the Complaint. Kowal, 16 F.3d at 1276. The Court also need not accept the Plaintiff's legal conclusions as true. Id., citing Parasan v. Allian, 478 U.S. 265, 286 (1986). If it is clear as a matter of law that no relief could be granted even if all allegations in the Complaint are taken as true, then the claims in the Complaint must be dismissed. Neitzke v. Williams, 490 US. 319, 327 (1989) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

In the present case, it is appropriate to grant Defendant AARP's motion to dismiss Count III because there are no factual allegations that would entitle Plaintiff Rosen to any relief against Defendant AARP.[4]

## III. COUNT III FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Count III purports to allege a claim for intentional and infliction of emotional distress. In particular, as noted above Plaintiff alleges that "Defendant AARP's conduct regarding Ms. Tiefenbacher's protected activity in opposition of the sexual harassment and subsequent decision to terminate her employment was extreme, outrageous, intentional and reckless," (Complaint, ¶ 31), and that as a result she has damages that

---

[4] While, as noted in note 2, above, Defendant AARP would dispute vigorously the facts alleged in the Complaint, including, but not limited to, whether she engaged in any protected activity in opposition to alleged sexual harassment, it takes them as true solely for the purposes of this motion.

4

include emotional distress. Plaintiff has failed, however, to state a claim for this cause of action.

### A. The Strict Requirements for a Claim of Intentional Infliction of Emotional Distress

A defendant is liable for intentional infliction of emotional distress only if it "engaged in (1) 'extreme or outrageous conduct' which (2) 'intentionally or recklessly' causes (3) 'severe emotional distress to another.'" Kerrigan v. Britches of Georgetowne, Inc., 705 A.2d 624, 628 (1997) (quoting Bernstein v. Fernandez, 640 A.2d 1064, 1075 (D.C. 1991)). Liability does not exist for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities . . . . rough language, and occasional acts that are definitely inconsiderate and unkind." Restatement (Second) of Torts § 46, comment d (1965).

In particular, "[t]o establish the required degree of "outrageousness", a plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Kerrigan, 705 A.2d at 628 (quoting Restatement (Second) of Torts §46 comment D (1965)). In general, "a case of intentional infliction of emotional distress is made out only if the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!" Homan v. Goyal, 711 A.2d 812, 818 (quoting Restatement (Second) of Torts §46 (1965)). Furthermore, in the employment context, the District of Columbia Court of Appeals has been demanding in the proof required to support such a claim. Lively v. Flexible Packaging Assoc., 765 A.2d 954, 968, rev'd in part on other issues en banc, 830 A.2d 874 (D.C. 2003), citing Kerrigan, 705 A.2d at 628 and cases

cited therein.

Finally, it "is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so." Drejza v. Vaccaro, 650 A.2d 1308, 1316 (D.C. 1994) (quoting Restatement (Second) of Torts §46, comment h).

For the reasons set forth below, Plaintiff has utterly failed to meet the requirements for alleging intentional infliction of emotional distress.

### B. Plaintiff Has Failed to Meet the Requirements for a Claim of Intentional Infliction of Emotional Distress

As discussed above, Plaintiff alleges "Defendant AARP's conduct regarding" her allegedly "protected activity in opposition of the sexual harassment and subsequent decision to terminate her employment" as the basis for her intentional infliction of emotion distress claim. (Complaint, ¶31.) This apparently refers to her receipt of the Performance Concerns Memorandum and subsequent termination, and possibly also to Mr. Sloan's alleged warning and her allegedly becoming the "victim of derision." However, her allegations concerning these alleged events and their alleged effect on her do not come even remotely close, separately or together, to meeting the high standard of culpability, conduct, or harm required to state a claim for intentional infliction of emotional distress. To the contrary, the Complaint fails to state three of the four essential elements of such a claim.[5]

First, Plaintiff has failed to allege facts adequate to establish the first essential element, that Defendant AARP's alleged conduct was intentional or reckless. In

---

[5] For the purposes of this motion to dismiss only, Defendant does not assert that Plaintiff has failed to allege facts sufficient to make out the other element of a claim of intentional infliction of emotional distress.

particular, there are no alleged facts adequate to meet the requirement that Plaintiff establish that Defendant AARP or its employees desired to inflict emotional distress, knew that such distress was substantially certain, or acted recklessly in deliberate disregard of a high degree of probability that emotional distress would follow. See Beye v. Bureau of National Affairs, 59 Md. App. 642, 657, 477 A.2d 1197, 1205, cert. denied, 301 Md. 639, 484 A.2d 274 (1984) (dismissing claim under identical Maryland law for failure to allege such facts). Instead, Plaintiff only makes a conclusory allegation that Defendant AARP's conduct regarding her opposition to sexual harassment and subsequent termination decision was "intentional and reckless." (Complaint, ¶31.) It is not enough to merely state some of the correct adverbs or adjectives; the underlying allegations must establish the required degree of intent or recklessness.

Second, Plaintiff has failed to allege action constituting the "extreme and outrageous" conduct required under District of Columbia law, and therefore has failed to allege the second essential element. Issuing a Performance Concerns Memorandum and subsequent discharging Plaintiff in alleged retaliation for complaining about or opposing alleged sexual harassment is hardly the type of behavior that is "utterly intolerable in a civilized community." The same is true of the lesser alleged conduct of threatening termination or becoming the "object of derision." To the contrary, the D.C. Court of Appeals has refused to impose liability for conduct far more outrageous than that alleged by Plaintiff. See, e.g., Kerrigan, 705 A.2d at 627 (targeting for sexual harassment investigation, manufacturing evidence to establish false claim of sexual harassment, leaking information from investigation and demoting in order to promote a woman); Crowley v. American Telecommunications Association, 691 A.2d 1169, 1172

(D.C. 1997) (allegations employee was subject to contempt, scorn and other indignities by supervisor, and unwarranted evaluation and discharge insufficient); ( King v. Kidd, 640 A.2d 656, 670-74 (D.C. 1993) (repeated failure to respond to employee's sexual harassment complaints did not constitute extreme and outrageous conduct): Waldon v. Covington, 415 A.2d 1070, 1077-79- (D.C. 1980) (employers' actions taken with aim to embarrass and then terminate plaintiff's employment); Cf. Hoffman v. Hill & Knowlton, Inc., 777 F. Supp. 1003, 1005 (D.D.C. 1991) (intentional interference with employee's ability to do job, dismissal, and stating false pretextual reasons for dismissal, not outrageous).

Rather, the conduct of which Plaintiff complains is of the type attributable to "employer-employee conflicts [that] do not, as a mater of law, rise to the level or outrageous conduct." Kerrigan, 705 A.2d at 628 (quoting Howard Univ. v. Best, 484 A.2d 958, 986 (D.C. 1984). Indeed, to hold otherwise would mean that every case of alleged discrimination by retaliatory discharge would suffice to establish a claim of intentional infliction of emotional distress, a result the requirement of "outrageous conduct" clearly seeks to avoid. Where, as here, the allegedly outrageous behavior that it is contended caused emotional distress consists entirely of a defendant's alleged acts of discrimination, the claim must fail. See Jackson v. American Chemical Soc., 812 F. Supp. 239, 243 (D.D.C. 1993) and cases cited therein ("Courts in this jurisdiction have held in similar cases that dismissal of the intentional tort claim is warranted because the conduct and the injury complained of are subsumed by Title VII") .

Just as in these cases, the conduct Plaintiff alleges here may have been rude, insensitive or callous, but it was not the "extreme and outrageous" conduct that

constitutes this tort. Nothing about the alleged conduct comes close to going "beyond all possible bounds of decency" or can be "regarded as atrocious, and utterly intolerable in a civilized community." Kerrrigan, 705 A.2d at 628, quoting Restatement (Second) of Torts, § 46, comment d. This is particularly true in light of the fact that Plaintiff does not allege that she was the victim of any alleged sexual harassment herself, much less that this caused the emotional distress; rather, she alleges only that suffered retaliation for opposing alleged sexual harassment.

Finally, although as noted above Plaintiff has alleged that she suffered emotional distress, she has failed to allege that she suffered *extreme* emotional distress, either in conclusory terms or, more importantly, by alleging facts suggesting that any emotional distress that she may have suffered was extreme. Thus, she also has failed to allege the third essential element of this tort.

Accordingly, Plaintiff has failed to state a claim for intentional infliction of emotional distress. To allow her claim to go forward would ignore the high standards of culpability, outrageousness and harm required by this tort. Consequently, Count III should be dismissed for failure to state a claim, with prejudice.

## IV. **CONCLUSION**

The conduct alleged by Plaintiff is insufficient to establish (1) the intentional or reckless conduct, and/or (2) the extreme and outrageous conduct, and/or (3) the extreme emotional distress necessary to state a claim of intentional infliction of emotional distress. Accordingly, Count III of the Complaint fails to state a claim on which relief can be granted.

WHEREFORE, Defendant AARP respectfully requests that Count III of the Complaint be dismissed in its entirety, with prejudice, and that it be awarded such other

9

relief as the Court may deem appropriate.

                         Respectfully submitted,

                         EPSTEIN BECKER & GREEN, P.C.

                         _____/s/_____
                         Frank C. Morris, Jr.
                         Bar No. 211482
                         Brian Steinbach
                         Bar No. 256727
                         1227 25th Street, N.W.
                         Washington, D.C. 20037
                         (202) 861-0900

DATED: December 19, 2005          Attorneys for Defendant AARP

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Dismiss Count III was served this 19th day of December, 2005, by electronic service, on the following:

>Lawrence A. Thrower, Esq.
>The Cochran Firm
>110 New York Avenue, N.W.
>Suite 140, West Tower
>Washington, D.C. 20005
>
>Attorney for Plaintiff
>
>
>_____/s/_____
>Brian Steinbach
>D.C. Bar No. 256727