**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| WENDY TIEFENBACHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:05 cv 01802 |
| v. ) | (CKK) |
| ) | |
| AMERICAN ASSOCIATION OF ) | |
| RETIRED PERSONS (AARP), ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT L.CV. R. 16.3(d) REPORT**

1. No dispositive motion in this case has been filed. Plaintiff believes it is unlikely that this case will be resolved by dispositive motion. Defendant believes it is likely that this case will be disposed of by dispositive motion after completion of discovery.

2. There are no other parties to be joined or pleadings to be amended, except the parties stipulate that the name of the Defendant should be changed to "AARP." On April 27, 2006 the Court dismissed Plaintiffs' Count 3. The parties do believe that some of the factual and legal issues in the case can be agreed upon or narrowed.

3. The parties do not agree to assignment to a magistrate judge for all purposes, including trial.

4. There presently is not a realistic possibility of settlement in this case. It is anticipated that settlement opportunities may arise at the close of discovery.

5. This case is not appropriate for ADR. ADR was attempted in the administrative process pursuant to the U.S. Equal Employment Opportunity Commission's voluntary mediation program and was unsuccessful. .

6. Plaintiff does not believe that this case can be resolved by summary judgment. Defendant likely will file a motion for summary judgment that, if granted, will dispose of all or portions of the case. The parties propose that dispositive motions shall be filed no later than forty-five (45) days after the close of all discovery. Opposition to such motions shall

       be served within thirty (30) days of services of the dispositive motion. The moving party may serve a reply brief within fifteen (15) days of service of the oppositions.

7.     The parties agree that the initial disclosures required by Rule 26(a)(1) shall be served no later than June 6, 2006.

8.     The parties agree that the extent of discovery shall be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Discovery should be completed in 120 days. A protective order may be necessary depending on the information sought in discovery, in which case the parties will jointly submit a proposed protective order to the Court. Discovery may and should be initiated in early June 2006 and completed by mid September 2006 including interrogatories, document production requests and depositions.

9.     It is not anticipated that expert's reports or testimony will be offered in this matter.

10.    N/A.

11.    This case presents no foreseeable manageability problems for the court, therefore bifurcation is not appropriate.

12.    The pretrial conference should be scheduled forty-five (45 days after the Court enters a ruling on dispositive motions. If no dispositive motions are filed, then it should be held forty-five (45) days after the motions deadline.

13.    The court should not set the trial date at the first scheduling conference. A trial date should be set at the pretrial conference.

14.    The parties do not anticipate any other matters that may be appropriate for inclusion in a scheduling order.

                              Respectfully submitted,

| /s/ | /s/* |
|---|---|
| Lawrence A. Thrower, Esq. (Bar No. 473875) | (Signed by Lawrence A. Thrower with |
| Law Office of Lawrence A. Thrower | permission of Brian Steinbach) |
| 1229 - 15th Street, NW | Frank C. Morris, Jr., Esq. (Bar No. 211482) |
| Washington, DC 20005 | Brian Steinbach, Esq. (Bar No. 256727) |
| (202)-234-0000 | Epstein Becker & Green, P.C. |
| | 1227 25th Street, N.W., Suite 700 |
| | Washington, D.C. 20037 |
| Attorney for Plaintiff Wendy Tiefenbacher | (202) 861-0900 |
| Dated: May 16, 2006 | Attorneys for Defendant AARP |
| | May 16, 2006 |