UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WENDY TIEFENBACHER,

   Plaintiff,

     v.

AMERICAN ASSOCIATION OF RETIRED
PERSONS (AARP),

   Defendant.

Civil Action No. 05-1802 (CKK)

**ORDER**

Currently before the Court is [16] Plaintiff's Motion for C. Gregory Stewart, Esq., to Appear in the United States District Court for the District of Columbia *Pro Hac Vice*. In support of her motion, Plaintiff attaches a Declaration drafted by C. Gregory Stewart, Esq., wherein Mr. Stewart avers that: (1) he is admitted to practice law in the State of New Jersey in good standing, *see* Stewart Decl. ¶ 1; (2) he maintains offices in both Newark, New Jersey, and at 1025 Connecticut Avenue, N.W., Suite 1000, Washington, D.C. 20036, *id*. ¶ 2; (3) he is admitted to practice in the United States District Court for the District of New Jersey, *id*. ¶ 3; (4) in the last two years, he has not been admitted to the United States District Court for the District of Columbia "for any reason," *id*. ¶ 4; and (5) he is not a member of the District of Columbia law, but does "practice law from an office located in the District of Columbia pursuant to D.C. Court of Appeals Rule 49(c)(2) (Federal Agency Practice)," *id*. ¶ 5.

Importantly, Local Civil Rule 83.2(c)(1) does allow an attorney who is a member of good standing of the bar of any United States Court or the highest court of any state, but who is not a member of this Court, to file papers in this Court if the attorney joins of record a member in good

standing of the Bar of this Court. Given that Plaintiff's counsel, Lawrence A. Thrower, Esq., is a member in good standing of this Bar, it would appear that Mr. Stewart has met this requirement. *See* Pl.'s *Pro Hac Vice* Mot. at 1. However, Local Civil Rule 83.2(c)(2) places a restriction on this exception:

> Paragraph (1) above is not applicable to an attorney who engages in the practice of law from an office located in the District of Columbia. An attorney who engages in the practice of law from an office located in the District of Columbia must be a member of the District of Columbia Bar and the Bar of this Court to file papers in this Court.

LCvR 83.2(c)(2). This subsection was

> added to conform the rules of this Court to the current practice of the District of Columbia Committee on Unauthorized Practice, and to recognize that, as a general matter, attorneys who engage in the practice of law from an office located in the District of Columbia and who file papers in this Court should be a member of the Bar of this Court and the District of Columbia Bar.

*Id.* comment to Rule LCvR 83.2(c)(2). Because Mr. Stewart maintains and practices from an office within the District of Columbia but is not a member of the Bar of this Court and the District of Columbia Bar, he is apparently barred from appearing *pro hac vice* in this Court pursuant to the dictates of Local Civil Rule 83.2(c)(2).

Mr. Stewart argues that his practice of law before this Court from his Connecticut Avenue office is permissible "pursuant to D.C. Court of Appeals Rule 49(c)(2) (Federal Agency Practice)." *See* Stewart Decl. ¶ 5. D.C. Court of Appeals Rule 49(c)(2) exempts attorneys who fall into a category labeled "United States Government Practitioner" from the general prohibition preventing non-D.C. Bar members from practicing within this jurisdiction. That is, non-member attorneys who "provid[e] legal services to members of the public solely before a special court, department or agency of the United States" may practice in this jurisdiction and maintain an office within the

District of Columbia as long as "[s]uch legal services are confined to representation before such fora and other conduct reasonably ancillary to such representation," "[s]uch conduct is authorized by statute or the special court, department or agency has adopted a rule expressly permitting and regulating such practice," and "the practioner gives prominent notice in all business documents of the practitioner's bar status and that his or her practice is limited consistent with this section (c)." D.C. Ct. of Appeals Rule 49(c)(2)(A)-(C).  Importantly, this case involves suit by Plaintiff against the AARP, which is a private, "nonprofit membership organization of persons 50 or older, which seeks to address their needs."  Compl. ¶ 5.  Accordingly, this case does not fall within the limited practice for which Mr. Stewart's practice and office within this jurisdiction is allowable, as it is not confined to "a special court, department or agency of the United States."  Because D.C. Court of Appeals Rule 49(c)(2) does not exempt Mr. Stewart in this case from the general rule membership requirements in D.C. Court of Appeals Rule 49(a) and Local Civil Rule 83.2(c)(2), it is, this 22th day of May, 2006, hereby

    **ORDERED** that [16] Plaintiff's Motion for C. Gregory Stewart, Esq., to Appear in the United States District Court for the District of Columbia *Pro Hac Vice* is DENIED WITHOUT PREJUDICE.

    **SO ORDERED**.

                                                          /s/
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge