IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDY TIEFENBACHER,<br><br>                **Plaintiff,**<br><br>v.<br><br>AARP,<br><br>                **Defendant.** | Civil Action No. 1:05cv01802 (CKK) |

## STIPULATED PROTECTIVE ORDER

In accordance with Fed. R. Civ. P. 26(c), with respect to any documents produced or received by Plaintiff or Defendant, pursuant to written request, interrogatory, stipulation, subpoena, motion or deposition, or any other information obtained by Plaintiff or Defendant in this case pursuant to Fed. R. Civ. P. 26 through 37, or Fed. R. Civ. P. 45, as well as other materials that may be designated by Plaintiff or Defendant as being confidential (hereinafter referred to as "confidential material"), IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED ATTORNEYS FOR THE RESPECTIVE PARTIES TO THIS ACTION THAT:

      1. Plaintiff, Defendant, and their attorneys shall utilize confidential material solely in accordance with the provisions of this Order, and other than as provided herein, confidential material, including all excerpts therefrom or copies or summaries thereof, may not be disclosed to any person. The provisions of this Order shall not restrict the disclosure of confidential material by Plaintiff, Defendant, or their counsel of record for the purposes detailed in this Order.

      2. Confidential material shall be used by persons to whom it is disclosed pursuant to this Order solely for the purpose of this litigation, and not for any other

DC:711264v2

litigation, nor for any business or other purpose. In accordance with Rule 5.6 of the District of Columbia Rules of Professional Conduct, nothing in this paragraph is intended to restrict the undersigned counsels' ability to practice.

3. Information may be designated as "Confidential" in the following manner:

a. Documents containing "Confidential" information shall have the notation "CONFIDENTIAL" placed on the face of each page of each document containing "Confidential" information, by the producing party.

b. Pleadings and other material filed with the Court, which contain or disclose "Confidential" information shall conform with U.S. District Court for the District of Columbia Local Civil Rule 5.1(j).

4. A party who provides material may designate it as confidential only when the party in good faith believes that the material contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. Non-public information concerning Defendant's information technology systems which, if disclosed, could jeopardize the security of such systems, falls within the definition of "confidential" information.

5. Defendant reserves the right to assert the confidentiality of documents or information that Plaintiff might possess, obtain by subpoena, or otherwise gather, relating to Defendant's operations, computer systems, facilities, personnel, or practices or that Defendant otherwise considers being confidential or proprietary. If Defendant intends to designate any such documents or information as confidential material, Defendant will notify Plaintiff and attempt to reach a resolution regarding the

confidentiality of such documents or information. If the parties are unable to reach such a resolution, the matter will be submitted to the Court for resolution, and until resolved by the Court the information or documents shall be maintained as confidential in accordance with the terms of this Order and until a Court Order authorizes otherwise.

6. The parties recognize that during the course of this litigation either party may designate additional materials as being confidential. Plaintiff, Defendant, or their attorneys of record may assert that particular information designated by opposing counsel as confidential material is in fact public knowledge or otherwise not subject to protection hereunder. Such assertion, if made, shall be discussed among counsel and if agreement cannot be reached, the matter will be submitted to the Court for resolution, and until resolved by the Court the materials in issue shall remain protected as confidential material hereunder.

7. Plaintiff, Defendant, or their attorneys may disclose confidential material only to: paralegal, clerical, support and secretarial staff employed by their attorneys; employees and/or representatives of a party required in good faith to assist in the litigation; witnesses or potential witnesses, including expert witnesses, provided that each such person shall first be informed of the terms of this Order and agree to be bound thereby; any person who is expressly retained by a party in this action to render legal assistance in the preparation of this case, provided that each such person shall first be informed of the terms of this Order and agree to be bound thereby; or the Court and court personnel, including court reporters.

8. All confidential material subject to this Order shall be retained in the possession, custody and control of the attorneys for Plaintiff and Defendant in such a

manner as to preserve its confidentiality, except that confidential material may be reviewed by persons designated in paragraph 7, supra.

9. Plaintiff's and Defendant's attorneys may utilize portions of confidential material in depositions taken in this case. Portions of depositions shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Those portions of the transcripts of any depositions, as well as any other documents, that contain or refer to any confidential material shall themselves be treated as confidential material until or unless they are filed with the Court in connection with this matter. The attorneys of record shall retain copies of any transcripts of any deposition in such a manner as to preserve their confidential nature.

10. This Order governs discovery and the pretrial stage of this litigation, including settlement discussions. Nothing in this Order bars or restricts the introduction of any evidence or the reference to any information at trial of this matter, or in subsequent proceedings, including any appeals. Nothing in this Order shall prevent any party from seeking any restriction on the introduction of evidence or the reference to any information at trial of this matter, or in subsequent proceedings, including any appeals, whether by motion in limine or otherwise. Prior to trial, the parties will attempt to agree upon procedures for the handling of confidential material to be introduced or referenced at trial. In the event the parties are not able to agree upon such procedures, the matter may be brought to the attention of the Court for resolution. The parties will follow similar steps with respect to the handling of confidential material to be introduced or referenced in any subsequent proceedings, including any appeals.

DC:711264v2

4

11. At the conclusion of this action (including the conclusion of any appeal), all "Confidential" materials produced shall be returned to counsel for the producing party, provided that counsel for each party may maintain a copy of any pleadings or other documents filed with the Court in this matter. If the parties so stipulate, the material may be destroyed instead of being returned.

12. Pursuant to this Protective Order and prior to the disclosure of any confidential material (as defined herein), any person to be provided with confidential material shall be furnished with a copy of this Order and shall be required to certify in writing that he or she has read this Order, understands it, and agrees to be bound by its terms. Such certification shall be in the form of Attachment A hereto.

13. If any party desires to disclose information or documents otherwise encompassed within this Order to a person not authorized herein to receive or review such information or documents, that party shall so inform all parties herein and shall seek to obtain written permission from all parties for such disclosure. In the event such permission is not obtained, the party seeking disclosure may move for an Order allowing the disclosure of the information or documents at issue. During the pendency of the motion, the moving party shall refrain from any disclosure of the documents or information until the Court rules on the motion.

14. Until such time as this Protective Order has been entered by the Court, the parties agree that the Order will be treated as though it had been entered for purposes of discovery responses, disclosure of documents, and other matters in the litigation. Should the Court subsequently fail to enter the Protective Order, any

DC:711264v2

confidential material disclosed prior thereto shall be returned promptly or destroyed in accordance with the directions of the disclosing party.

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| (Signed by Brian Steinbach with permission of Lawrence A. Thrower) | Frank C. Morris, Jr., Esq. (Bar No. 211482) |
| Lawrence A. Thrower, Esq. | Brian Steinbach, Esq. (Bar No. 256727) |
| (Bar No. 473875) | Epstein Becker & Green, P.C. |
| Law Office of Lawrence A. Thrower | 1227 25th Street, N.W., Suite 700 |
| 1229 - 15th Street, NW | Washington, D.C. 20037 |
| Washington, DC 20005 | (202) 861-0900 |
| (202) 234-0000 | |
| | Attorneys for Defendant AARP |
| Attorney for Plaintiff Wendy Tiefenbacher | |
| DATED: September 22, 2006 | DATED: September 22, 2006 |

SO ORDERED:

_____
U.S. DISTRICT COURT JUDGE

DATE: __9/25__, 2006

DC:711264v2

6

## Attachment A

## CONSENT TO BE BOUND
## BY STIPULATED PROTECTIVE ORDER

I, _____, who maintains my address at _____, hereby acknowledge that I may receive information designated as Confidential Information under the Stipulated Protective Order (the "Order") entered into on _____, 2006 in the civil action styled Wendy Tiefenbacher v. AARP, Civil Action No. 1:05cv01802 (CKK) (the "Lawsuit"). I certify that I have read the Order, and I agree not to disclose any Confidential Information that is produced subject to or is otherwise covered by the Order to any person not entitled to receive disclosure of such Confidential Information under the provisions of such Order. I agree to use any Confidential Information solely for the purposes appropriate to my participation in connection with the Lawsuit. I agree to abide by the Order in every respect.

I declare under penalty of perjury and upon personal knowledge that the foregoing is true and correct.


Executed this ____ day of _____, 2006.


_____

DC:711264v2