**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDY TIEFENBACHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv01802CKK |
| ) | |
| AMERICAN ASSOCIATION OF RETIRED ) | Discovery Closed: 9/29/06 |
| PERSONS (AARP), ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT MOTION TO AMEND THE SCHEDULING ORDER

The Parties, by and through counsel of record in this matter, move for an amendment of the Scheduling Order in this matter. Specifically, the Parties request that the Scheduling Order be amended to extend the time for discovery in this matter by 90 days. In support of this Motion the Parties state as follows:

1. The Scheduling Order in this matter requires that discovery in this matter close on September 29, 2006.

2. The Parties have propounded and answered discovery, although at this time written discovery is not complete.

3. The Parties recently agreed upon a Protective Order that will facilitate further written discovery replies that are necessary in this matter.

4. The Court has granted no previous extensions of time in this matter.

5. This Motion is necessary because after written discovery is completed, the Parties must complete depositions in this matter. Despite efforts by counsel in this matter, schedule conflicts have prevented the completion of deposition testimony in this matter. As of the writing

of this Motion, counsel are scheduling dates to depose witnesses in this matter and request the

Court's extension to complete discovery in this matter.

      6.     If the Court grants this Motion, the only effect at this time would be the possible

need to reschedule the Status Hearing currently scheduled for October 20, 2006.  This Motion

does not effect any other set deadlines.

      7.     This Motion is a joint motion, filed with the concurrence of both counsel in this

matter.  All counsel in this matter agree to the request in this Motion.

      WHEREFORE, Plaintiff respectfully requests that its Motion be granted and that the

deadline for discovery to close be extended by 90 days to December 29, 2006.

                                       Respectfully submitted,

| /s/ | /s/* |
|---|---|
| Lawrence A. Thrower, Esq. (Bar No. 473875) | (Signed by Lawrence A. Thrower with |
| Law Office of Lawrence A. Thrower | permission of Brian Steinbach) |
| 1229 - 15th Street, NW | Frank C. Morris, Jr., Esq. (Bar No. 211482) |
| Washington, DC 20005 | Brian Steinbach, Esq. (Bar No. 256727) |
| (202)-234-0000 | Epstein Becker & Green, P.C. |
| | 1227 25th Street, N.W., Suite 700 |
| | Washington, D.C. 20037 |
| Attorney for Plaintiff Wendy Tiefenbacher | (202) 861-0900 |
| | |
| Dated: September 29, 2006 | Attorneys for Defendant AARP |
| | |
| | Dated: September 29, 2006 |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Consent Motion to Amend

the Scheduling Order was served this 29th day of September, 2006, by electronic service,

on the following:

Brian Steinbach, Esq.
Frank C. Morris, Jr., Esq.
EPSTEIN BECKER GREEN, P.C.
1227 25th Street, N.W.
Washington, D.C. 20037

/s/
Lawrence A. Thrower
D.C. Bar No. 473875

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WENDY TIEFENBACHER,            ) | |
|                                   ) | |
|             Plaintiff,            ) | |
|                                     ) | Civil Action No. 1:05 CV 01802 |
| v.                                   ) | (CKK) |
|                                     ) | |
| AMERICAN ASSOCIATION OF    ) | |
| RETIRED PERSONS (AARP),       ) | |
|                                     ) | |
|            Defendant.           ) | |
|                                     ) | |

## JOINT DISCOVERY PLAN

COMES NOW, the parties, by their undersigned counsel, with their Joint

Discovery Plan, as follows:

1.  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on June 16, 2006 via
    telephone and was attended by:
    Lawrence A. Thrower for Plaintiff
    Brian Steinbach for Defendant AARP

2.  **Pre-discovery Disclosures.** The parties have exchanged the information
    required by Fed.R.Civ.P. 26(a)(1) and LCvR 26.2. Plaintiff requests leave
    to supplement her initial disclosures by June 30, 2006.

3.  **Discovery Plan.** The Parties jointly propose to the Court the following
    discovery plan:

    The parties agree that discovery will be needed on the following subjects:

    Plaintiff's employment at AARP.

    Plaintiff's complaints regarding sexual harassment by Eric
    Seidman.

AARP's investigation of Plaintiff's complaints regarding sexual harassment by Eric Seidman.

AARP's decision to terminate Plaintiff and the basis of that decision.

Plaintiff's alleged damages, including, but not limited to, her mitigation efforts, subsequent employment and medical treatment(s).

Plaintiff's prior employment history.

Any prior claims of discrimination and/or retaliation by Plaintiff.

<u>The parties do not agree as to discovery as to the following:</u>

Plaintiff seeks discovery on AARP's other discharge actions against employees since 2003, by gender, including those employees who were given a severance package in exchange for their resignation.

AARP believes that such discovery should be limited to terminations within AARP's Publications Division, the Division in which Plaintiff worked and where the decision to discharge her was made, and to a two year period prior to Plaintiff's termination.

Plaintiff seeks discovery on AARP's compensation for employees it has removed, including employees offered a severance package in exchange for their resignation, since 2003.

AARP believes that this discovery is irrelevant and not reasonably calculated to lead to the discovery of relevant evidence. Further, if such discovery is allowed, it should be limited to terminations within AARP's Publications Division, the Division in which Plaintiff worked and where the decision to discharge her was made, and to a two year period prior to Plaintiff's termination.

All discovery shall be commenced in time to be completed by September 29, 2006.

AARP served initial written discovery by hand on June 6, 2006. Plaintiff will serve written discovery by June 26, 2006. Both parties reserve the right to serve supplemental written discovery.

Maximum of 25 interrogatories by each party to any other party. [Responses due 30 days after service.]

Maximum of 25 requests for admission by each party to any other party, to be served at any time during the discovery period. [Responses due 30 days after service.]

The parties do not agree as to depositions as follows:

Plaintiff requests a maximum of 15 depositions by plaintiff and defendant. Because at this point, AARP has named 17 individuals (including Plaintiff) with knowledge regarding Plaintiff's employment, the harassment investigation and Plaintiff's discharge, Plaintiff requires more depositions than the standard 10 allowed under the rules.

AARP does not agree to Plaintiff's request for 15 depositions on the grounds, *inter alia*, that many of the named individuals possess only limited knowledge and/or their knowledge is already documented and that such a large number of depositions would only serve to harass AARP and increase its litigation costs. .

AARP requests leave to depose Plaintiff for up to 12 hours on the grounds that this amount of time may be necessary in order to cover Plaintiff's employment history, her employment experiences and work performance with AARP, her allegations of sexually harassing behavior or statements by her supervisor, the counseling and discipline that she received and her responses thereto, her post-termination employment and efforts at mitigation, and other damages issues. No other deposition by AARP is anticipated to last more than a few hours.

Plaintiff does not agree to Defendant's request for an extended deposition.

Other than the deposition of Plaintiff, the parties agrees that each deposition is limited to a maximum of 8 hours unless extended by agreement of the parties.

Plaintiff's deposition will occur sometime between July 24 and August 4, assuming that Plaintiff timely serves complete responses to AARP's initial written discovery.

The parties intend for the depositions of Russ Consaul, Adrienne Lofton, Annette Cureton, Alison Dischoso, Keith Mariner and Kathryn Kopecky to occur sometime between August 1 and August 17, assuming that AARP timely serves complete responses to Plaintiff's initial written discovery.

The parties agree that they will depose all other witnesses during the months of August and September 2006.

3

The parties agree to delay expert reports and discovery on experts until
after a ruling on summary judgment.

Date: 16 June 2006

Respectfully submitted,


| /s/* | /s/ |
|---|---|
| *Signed by Brian Steinbach with the permission of Lawrence A. Thrower) | Frank C. Morris, Jr., Esq. (Bar No. 211482) Brian Steinbach, Esq. (Bar No. 256727) |
| Lawrence A. Thrower, Esq. (Bar No. 473875) | Epstein Becker & Green, P.C. |
| Law Office of Lawrence A. Thrower | 1227 25th Street, N.W., Suite 700 |
| 1229 - 15th Street, NW | Washington, D.C. 20037 |
| Washington, DC 20005 | (202) 861-0900 |
| (202)-234-0000 | |
| | |
| Attorney for Plaintiff Wendy Tiefenbacher | Attorneys for Defendant AARP |
| | |
| Dated: June 16, 2006 | June 16, 2006 |