IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDY TIEFENBACHER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN ASSOCIATION OF )<br>RETIRED PERSONS (AARP), )<br>)<br>Defendant. )<br>) | Civil Action No. 1:05 CV 01802<br>(CKK) |

## AMENDED JOINT DISCOVERY PLAN

COME NOW, the parties, by their undersigned counsel, with their Amended Joint Discovery Plan, as follows:

1. Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on June 16, 2006 via telephone and was attended by:
   Lawrence A. Thrower for Plaintiff
   Brian Steinbach for Defendant AARP
   A second meeting was held on October 18, 2006 via telephone and was attended by the same individuals.

2. **Pre-discovery Disclosures.** The parties have exchanged the information required by Fed.R.Civ.P. 26(a)(1) and LCvR 26.2.

3. **Discovery Plan.** The Parties jointly propose to the Court the following discovery plan:

   The parties agree that discovery will be needed on the following subjects:

   Plaintiff's employment at AARP.

   Plaintiff's complaints regarding sexual harassment by Eric Seidman.

DC:650536v3

AARP's investigation of Plaintiff's complaints regarding sexual harassment by Eric Seidman.

AARP's decision to terminate Plaintiff and the basis of that decision.

Plaintiff's alleged damages, including, but not limited to, her mitigation efforts, subsequent employment and medical treatment(s).

Plaintiff's prior employment history.

Any prior claims of discrimination and/or retaliation by Plaintiff.

The parties do not agree as to discovery as to the following:

Plaintiff seeks discovery on AARP's other discharge actions against employees since 2003, by gender, including those employees who were given a severance package in exchange for their resignation.

AARP believes that such discovery should be limited to terminations within AARP's Publications Division, the Division in which Plaintiff worked and where the decision to discharge her was made, and to a two year period prior to Plaintiff's termination.

Plaintiff seeks discovery on AARP's compensation for employees it has removed, including employees offered a severance package in exchange for their resignation, since 2003.

AARP believes that this discovery is irrelevant and not reasonably calculated to lead to the discovery of relevant evidence. Further, if such discovery is allowed, it should be limited to terminations within AARP's Publications Division, the Division in which Plaintiff worked and where the decision to discharge her was made, and to a two year period prior to Plaintiff's termination.

All discovery shall be commenced in time to be completed by December 29, 2006.

The parties have already served and responded to initial written discovery, with some additional information outstanding that AARP will be supplying in the near future. Both parties reserve the right to serve supplemental written discovery.

Maximum of 25 interrogatories by each party to any other party. [Responses due 30 days after service.]

Maximum of 25 requests for admission by each party to any other party, to be served at any time during the discovery period. [Responses due 30 days after service.]

The parties do not agree as to depositions as follows:

Plaintiff requests a maximum of 15 depositions by plaintiff and defendant. Because at this point, AARP has named 17 individuals (including Plaintiff) with knowledge regarding Plaintiff's employment, the harassment investigation and Plaintiff's discharge, Plaintiff requires more depositions than the standard 10 allowed under the rules.

AARP does not agree to Plaintiff's request for 15 depositions on the grounds, *inter alia*, that many of the named individuals possess only limited knowledge and/or their knowledge is already documented and that such a large number of depositions would only serve to harass AARP and increase its litigation costs. .

AARP requests leave to depose Plaintiff for up to 12 hours on the grounds that this amount of time may be necessary in order to cover Plaintiff's employment history, her employment experiences and work performance with AARP, her allegations of sexually harassing behavior or statements by her supervisor, the counseling and discipline that she received and her responses thereto, her post-termination employment and efforts at mitigation, and other damages issues. No other deposition by AARP is anticipated to last more than a few hours.

Plaintiff does not agree to Defendant's request for an extended deposition.

Other than the deposition of Plaintiff, the parties agrees that each deposition is limited to a maximum of 8 hours unless extended by agreement of the parties.

Plaintiff's deposition is set to occur on November 16, 2006.

The parties intend for other depositions to occur on the following dates: three days from October 31 through November 3, 2006; 2 days during the week of November 13, 2006; November 20 or 21, 2006; two days the week of November 27, 2006; two days the week of December 4, 2006; and two days the week of December 18, 2006. Counsel for the parties agree to have ongoing conversations in an effort to expeditiously and efficiently schedule remaining depositions.

The parties agree to delay expert reports and discovery on experts until after a ruling on summary judgment.

4.  The parties request that the status conference presently set for October 20, 2006 be rescheduled to a date after January 2, 2007.

Respectfully submitted,

| /s/* | /s/ |
|---|---|
| *Signed by Brian Steinbach with the permission of Lawrence A. Thrower) | Frank C. Morris, Jr., Esq. (Bar No. 211482) |
| Lawrence A. Thrower, Esq. (Bar No. 473875) | Brian Steinbach, Esq. (Bar No. 256727) |
| Law Office of Lawrence A. Thrower | Epstein Becker & Green, P.C. |
| 1229 - 15th Street, NW | 1227 25th Street, N.W., Suite 700 |
| Washington, DC 20005 | Washington, D.C. 20037 |
| (202)-234-0000 | (202) 861-0900 |
| Attorney for Plaintiff Wendy Tiefenbacher | Attorneys for Defendant AARP |
| Dated: October 18, 2006 | October 18, 2006 |